UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDIN LEE JOHNSON,

    Petitioner

v.

JOSEPH LOMBARDO,

    Respondent

Case No.: 2:20-cv-00854-APG-DJA

**Order**

Brandin Lee Johnson, a state pre-trial detainee, has styled his pro se filing as a 28 U.S.C. § 2241 habeas corpus petition and has now paid the filing fee. ECF Nos. 1-1, 4.  Johnson claims that his conditions of confinement violate both his due process rights and his right to be free from cruel and unusual punishment; he includes allegations that correctional officers have assaulted him during searches and that he has insufficient yard time.  These are not claims for which habeas relief may be granted.  Rather, these claims implicate his civil rights under 28 U.S.C. § 1983.[1]  Accordingly, the petition is dismissed for failure to state claims for which habeas relief may be granted.

    I THEREFORE ORDER the Clerk to detach and file the petition (ECF No. 1-1).

---

[1] Johnson also complains that his state competency hearing was inadequate.  This might be a cognizable habeas claim in the context of a later 25 U.S.C. § 2254 challenge to his conviction (if he is ultimately convicted).  However, it is premature at this time.  And as a general rule, even when the claims in a petition have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *see also*, *e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969).

I FURTHER ORDER that the petition is **DISMISSED** with prejudice for failure to state a claim for which relief may be granted.

I FURTHER ORDER that a certificate of appealability is denied.

I FURTHER ORDER the Clerk to enter judgment accordingly and close this case.

I FURTHER ORDER the Clerk to send Johnson two copies each of an application form to proceed in forma pauperis for incarcerated persons and a 28 U.S.C. § 1983 complaint form, along with one copy of the instructions for each form.

Dated: June 24, 2020

_____
U.S. District Judge Andrew P. Gordon